James M. Piotrowski
Marty Durand
HERZFELD & PIOTROWSKI, LLP
P.O. Box 2864
824 W. Franklin Street
Boise, Idaho 83701
Telephone: (208)331-9200
Facsimile: (208)331-9201

    Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL KNAPP, SANDRA KNAPP, as legal guardians of Jason Knapp, JANA SCHULTZ, as legal guardian of Toby Schultz,<br><br>    Plaintiffs,<br><br>vs.<br><br>RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare, LESLIE CLEMENT, in her official capacity as Medicaid Administrator of the Idaho Department of Health and Welfare,<br><br>    Defendants. | Case No. 1:11-cv-307<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

    COME NOW the Plaintiffs, by and through counsel, and for their Complaint would show as follows:

**I.  Nature of the Action**

    1.  Plaintiffs are residents of Certified Family Homes provided  pursuant to Idaho's Medicaid Plan.  Plaintiffs bring suit to prevent the State of Idaho, acting through its agents, from violating the free choice provisions of the Medicaid Act (Title XIX of the Social Security Act)

1

with regard to the Plaintiffs' choice of providers for Residential Habilitation Program Coordination.  Defendants have announced an intent to restrict the Plaintiffs' choice of providers effective August 5, 2011 and to greatly reduce the scope of service without making necessary applications to or receiving necessary approvals from the federal Department of Health and Human Services, all in violation of the Medicaid Act.

## II.  Parties, Jurisdiction, Venue

2.	Plaintiffs Sandra and Russell Knapp are the legal guardians of Jason Knapp, and bring suit on his behalf.  Sandra and Russell Knapp also provide a Certified Family Home in which Jason Knapp resides.  Plaintiff Jana Schultz is the legal guardian of Toby Schultz and brings suit on his behalf.  Jana Schultz also provides a Certified Family Home in which Toby Schultz resides.

3.	Defendant Richard Armstrong is the Director of Idaho's Department of Health and Welfare which has the legal authority and responsibility to operate Idaho's Medicaid program.  Defendant Leslie Clement is the Administrator of the Medicaid Division of Idaho's Department of Health and Welfare and has day to day responsibility for overseeing and implementing Idaho's Medicaid program.  Both Defendants are sued in their official capacities.

4.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983 and supplemental jurisdiction over claims arising under state law, if any, pursuant to 28 U.S.C. §1367.  Venue is appropriate in this District as the Defendants reside herein, the Plaintiffs reside herein, and the facts and events giving rise to the claim occurred herein.

## III.  Facts Giving Rise to Cause of Action

5.	Medicaid is a program through which the federal government provides a substantial portion of funding for programs to provide health care for the poor and disabled.

Under Medicaid, a state may receive federal funding only if it agrees to operate health care programs that meet federal requirements set out in statute and regulation.

6. The State of Idaho has adopted a State Plan for Medicaid, which has been reviewed and approved by the Center for Medicare and Medicaid Services ("CMS"), a division of the United States Department of Health and Human Services. The State Plan is required to comply with each of the requirements of 42 USC §1396a in order to be eligible for federal funding.

7. Among the requirements of §1396a are the "freedom of choice" provisions of 42 USC §1396a(a)(23) which require that a state plan must permit Medicaid-eligible individuals to receive medical services "from any institution, agency, community pharmacy, or person, qualified to perform the service or services required who undertakes to perform such services."

8. Certain of the requirements of §1396a may be waived by CMS pursuant to 42 USC §1396n. The State of Idaho has requested and received waivers pursuant to §1396n of some of the requirements of §1396a. Two of the waivers received are known as the "Aged and Disabled Home and Community Based Services Waiver" ("A&D Waiver") and the "Developmental Disabilities Home and Community Based Services Waiver" ("DD Waiver"). The purpose of both waivers is to provide certain types of care in home and community based settings rather than in institutional settings. The DD Waiver covers services to individuals who are severely developmentally disabled, while the A&D Waiver covers services to those who are disabled as a result of age and/or physical disability. Neither of the existing waivers includes a waiver of the freedom of choice provisions of 42 U.S.C. 1396a(a)(23).

9. Both the A&D Waiver and the DD Waiver have been approved by CMS, as have multiple amendments to each of those waivers. Pursuant to federal law and the two waivers, the

3

State of Idaho provides "residential habilitation" as a Medicaid-covered service. According to the DD wavier, residential habilitation "consists of an integrated array of individually tailored services and supports furnished to eligible participants which are designed to assist them to reside successfully in their own homes, with their families, or [in an] alternate family home."

10.     One form of "alternate family home" is a Certified Family Home ("CFH"). In a CFH the home's owner provides room, board and other services to an eligible participant.

11.     When an eligible participant resides in a CFH, the Idaho Department of Health and Welfare (through IDAPA 16.03.10.705) requires that residential habilitation be provided under the supervision of a properly licensed Residential Habilitation Agency. The Residential Habilitation Agency provides supervision, oversight, training and quality assurance for services provided in the CFH. The Residential Habilitation Agency ensures that CFH providers have received required initial and ongoing training to meet the needs of the eligible Medicaid participant. The Residential Habilitation Agency is also responsible for ensuring that the Medicaid participant is satisfied with his or her participation in the service planning process as well as service identification and delivery. Residential Habilitation Agencies also ensure that quarterly, semi-annual and annual reviews are performed to ensure the Medicaid participant is receiving the services outlined in his or her service plan and making progress toward the goals identified in that plan. The relationship between the CFH provider and the Residential Habilitation Agency is known in the industry as "affiliation." Through the affiliation relationship, the Medicaid participant is assured of receiving the services identified in his or her service plan at high quality, and is also assured of outside review of the relationship between the participant and the CFH provider.

12. Since the first DD Waiver was approved in approximately 1995, the supervision of CFH's through affiliation has been provided by a large number of private residential habilitation agencies. The residential habilitation agency became a part of the planning and service delivery team meeting the needs of the participant. When a CFH provider, the Medicaid participant or the participant's planning team was dissatisfied with the work of a particular residential habilitation agency, they were able to change to a different agency.

13. On February 25, 2011 the Idaho Department of Health and Welfare issued a Request for Proposals seeking a single entity to provide Residential Habilitation Program Coordination statewide. The intent of the RFP was and is to replace Residential Habilitation Affiliation with this Program Coordination contractor.

14. On June 10, 2011, Defendant Leslie Clement issued a letter addressed to CFH Providers stating that the Idaho Department of Health and Welfare ("IDHW") had entered into a contract with Community Partnerships of Idaho to provide Residential Habilitation Program Coordination as a complete substitute for Residential Habilitation Agency Affiliation. The letter further stated that effective August 5, 2011, Community Partnerships of Idaho would be the sole provider of the services previously provided under the affiliation arrangement.

15. During the process leading to the submission of proposals and the eventual execution of a contract IDHW published answers to a series of questions raised by potential bidders. In response to a question concerning approval of services by the Center for Medicare and Medicaid Services, IDHW claimed that CMS approval was not required for selective contracting of the service, but that IDHW would comply with all requirements for amendment of the relevant waiver.

16. On information and belief, IDHW has neither sought nor secured approval of a waiver of the freedom of choice provisions of 42 USC 1396a(a)(23).

17. Pursuant to the RFP issued by IDHW, Community Partnerships of Idaho is required to maintain only a single office to perform Program Coordination services for participants throughout the state of Idaho, and is required to make only one face-to-face contact per year with each Medicaid participant residing in a certified family home.  At present, CFH residents have multiple face to face contacts with qualified Residential Habilitation Agency personnel each year, and have access to Residential Habilitation Agency offices throughout the state.

**IV. Class Action Allegations**

18. Plaintiffs bring suit on behalf of a proposed class consisting of all individuals receiving residential habilitation services under the Idaho Medicaid Plan in certified family homes.

19. The proposed class consists of at least two thousand individuals, and so is too numerous to make joinder practicable.

20. This case presents common questions of fact and law, including, without limitation, whether the state's conduct violates the freedom of choice provisions of the Medicaid Act; whether selective contracting of this service is appropriate or permissible under the Medicaid Act; whether a selective contracting waiver is required for this service; whether Defendants have sought or received a selective contracting waiver.

21. The claims of the named Plaintiffs are typical of the claims of the class members in that they will suffer the same harm as the class members if the selective contract is implemented.

22. If this matter does not proceed as a class action the Defendants would be subject to inconsistent duties to otherwise identically situated Medicaid participants.

23. Defendants have acted with respect to the particular allegations of this complaint on grounds that apply equally to all members of the proposed class.

## V. Claims for Relief

### First Claim for Relief

### 42 USC 1983

24. Plaintiffs incorporate as if fully restated herein the preceding paragraphs.

25. The implementation of a selective contract for Residential Habilitation Program Coordination will violate the rights of Plaintiff participants and CFH providers to exercise freedom of choice pursuant to 42 USC 1396a(a)(23).

26. The implementation of a selective contract for Residential Habilitation Program Coordination will violate the rights of Plaintiff participants and CFH providers to maintain adequate access to and quality of services in violation of multiple provisions of the Medicaid Act.

27. In issuing the RFP and entering into a selective contract, the Defendants have acted under color of law.

28. Plaintiffs are entitled to injunctive and prospective relief prohibiting Defendants from violating their rights, privileges or immunities under federal law.

### Second Claim for Relief

### U.S. Constitution Art. VI, Cl. 2

29. Plaintiffs incorporate as if fully restated herein the preceding paragraphs.

30. Because the implementation of a selective contract for residential habilitation program coordination will violate the requirements of the federal Medicaid Act, such changes are entirely preempted by operation of the Supremacy Clause of the U.S. Constitution, Art. VI, Cl. 2.

31. Plaintiffs are entitled to injunctive and prospective relief prohibiting Defendants from violating their rights, privileges or immunities under federal law.

WHEREFORE, Plaintiffs pray for relief as follows:

a. Preliminary injunctive relief prohibiting the Defendants from violating the Plaintiffs' rights under the Medicaid Act, and from exercising their authority in a manner preempted by federal law;

c. For permanent injunctive relief prohibiting the Defendants from violating the Plaintiffs' rights under the Medicaid Act, and from exercising their authority in a manner preempted by federal law;

d. For their fees and costs;

e. For such other and further relief as the Court deems just and proper.

DATED this 5th day of July, 2011.

HERZFELD & PIOTROWSKI, LLP

_____
James M. Piotrowski
Attorneys for Plaintiffs