LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN
Chief, Civil Litigation Division

CLAY R. SMITH, ISB # 6385
Deputy Attorneys General
954 W. Jefferson Street, 2nd Floor
Boise, ID  83720-0010
Telephone:   (208) 334-2400
Facsimile:    (208) 854-8073
    Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL KNAPP, SANDRA KNAPP, As legal guardians of Jason Knapp, JANA SCHULTZ, as legal guardian of Toby Schultz,<br><br>    Plaintiffs,<br>v.<br><br>RICHARD ARMSTRONG, in his official Capacity as Director of the Idaho Department of Health and Welfare, LESLIE CLEMENT, in her official capacity As Medicaid Administrator of the Idaho Department of Health and Welfare,<br><br>    Defendants. | Case No. 1:11-cv-00307-BLW<br><br>**REPLY TO PLAINTIFFS' OBJECTION TO DEFENDANTS' REQUEST TO SHORTEN TIME** |

## REPLY ARGUMENT

Plaintiffs Knapp *et al.* ("Knapp") do not address the substantive arguments in Defendants' motion to vacate the preliminary injunction entered on August 4, 2011 (Dkt. 17) but instead limit their submission to objecting to the request to shorten the time otherwise provided under Dist. Idaho Loc. Civ. R. 7.1(c)(1) to respond.  Dkt. 21.  Aside

from counsel's prior commitments, Knapp contends that "[t]he issues presented in this action are complex[] and require extensive research and briefing." *Id.* ¶ 2. He adds that "[d]isposition of this action requires review of documents that have not been provided or made available" and that "Plaintiffs anticipate making discovery requests to obtain information related to CMS's decision to approve the waiver amendment." *Id.* ¶ 3. These arguments fail for at least three reasons.

*First*, Knapp begs the dispositive question before this Court—which is whether a preliminary injunction issued on the basis that Defendants should be restrained from giving effect to the contract between the Idaho Department of Health and Welfare ("Department") with Community Partnerships of Idaho, Inc. ("Community Partnerships") *until* the Centers for Medicare and Medicaid ("CMS") acts upon the Department waiver amendment application under 42 U.S.C. § 1396n(c) ("1915 DD waiver"). *See* Dkt. 17 at 20 (granting preliminary injunction "pending a decision from CMS regarding IDHW's proposed waiver amendment"). The injunction thus anticipated dissolution upon CMS's approval of the waiver amendment. Indeed, this condition on the injunction's continued effectiveness flowed directly from the Court's recognition that CMS possessed primary jurisdiction over the amendment's propriety and that delayed implementation of the Community Partnerships' contract was appropriate for the purpose of maintaining the status quo only until such time that the agency exercised its jurisdiction to approve or disapprove the amendment. Knapp, however, effectively assumes that the injunction's purpose is to maintain the status quo until the validity of the amendment *itself* can be determined. Even if the amendment's validity presents a "complex" question necessitating "extensive research and briefing," the propriety of vacating the preliminary injunction does not.

*Second*, Knapp's contention that the injunction should remain in effect pending discovery into CMS's decision-making cannot be squared with his apparent recognition that any challenge to the 1915 DD waiver amendment will require suit against the federal

agency. Dkt. 21 at ¶ 2 (identifying as potential issues "whether a challenge to application of the waiver amendment . . . requires that the Secretary of Health and Human Services can be made a party defendant in this action" and "whether Plaintiffs may amend their complaint to make the Secretary a party defendant"). It must be remembered, in this regard, that the preliminary injunction requires IDHW to operate the waiver plan inconsistently with its now-modified terms. That inconsistency can be addressed only by vacating the injunction—a vacatur that leaves Knapp with the decision of whether to challenge CMS's approval of the amendment under the Administrative Procedure Act, 5 U.S.C. §§ 701-706. Any such challenge would be decided upon the agency record, with augmentation strictly limited and likely not authorized. *E.g.*, *SW Ctr. for Biological Diversity v. USFS*, 100 F.3d 1443, 1450 (9th Cir. 1996) ("[t]his circuit has only allowed extra-record materials: (1) if necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) 'when the agency has relied on documents not in the record,' or (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter'"); *accord Karuk Tribe v. USFS*, 640 F.3d 979, 983 n.3 (9th Cir. 2011); *see also Hall v. Norton*, 266 F.3d 969, 977-78 (9th Cir. 2001) (district court did not abuse discretion in denying discovery in APA judicial review proceeding where no "'strong showing of improper behavior' on the part of agency decisionmakers" was made). The rationale for this rule is no less well settled: "[T]he agency must justify its final action by reference to the reasons it considered at the time it acted." *Friends of Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000).

*Third*, indefinite continuation of the preliminary injunction—the result apparently urged by Knapp—carries with it significant detriment to the operation of the 1915 DD waiver program. The IDHW has entered into a contract with Community Partnerships that, presently, cannot be fully implemented. This operational limbo can lead only to waste of governmental resources and potential prejudice to waiver program participants. The injunction's indefinite continuation also serves as an end-run around CMS's

amendment approval that, until deemed unlawful under 5 U.S.C. § 706(2), establishes the controlling framework for the waiver program's operation.

## CONCLUSION

The motion to vacate the preliminary injunction should be granted forthwith.

DATED this 20th day of October, 2011.

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

By: *Clay R. Smith*
     CLAY R. SMITH
     Deputy Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

James Marshall Piotrowski
JPiotrowski@idunionlaw.com,

Marty Durand
marty@idunionlaw.com

                                                 *Clay R. Smith*
                                                 CLAY R. SMITH
                                                 Deputy Attorney General