James M. Piotrowski
Marty Durand
HERZFELD & PIOTROWSKI, LLP
P.O. Box 2864
824 West Franklin
Boise, Idaho  83701
Telephone: (208) 331-9200
Facsimile: (208) 331-9201

      Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSEL KNAPP, et al, <br><br>    Plaintiffs, <br><br>      v. <br><br> RICHARD ARMSTRONG, and <br> LESLIE CLEMENT, <br><br>    Defendants. | Case No. 1:11-CV-307 <br><br><br> PLAINTIFFS' RESPONSE TO <br> DEFENDANTS' MOTION TO VACATE <br> PRELIMINARY INJUNCTION |

The Court previously enjoined Defendants from implementing a selective contract between the Idaho Department of Health and Welfare and Community Partnerships of Idaho to provide residential habilitation services.  In that prior ruling (Docket #17 issued August 4, 2011) the Court addressed various concerns raised by the Plaintiffs, but ultimately granted an injunction on a single basis: that the State had not obtained CMS approval of an amendment to its home and community based services waiver.  As to the remaining potential grounds for an injunction, the Court stated that "the Court will defer to findings and conclusion by CMS that the contract complies with the Medicaid Act.  In the event that CMS renders its decision without analysis of the applicable provisions of the Medicaid Act, the Court may consider a renewed motion by plaintiffs."  (Dkt. #17, p. 19).

1.  Response to Motion to Vacate Preliminary Injunction

CMS issued approval a waiver amendment entirely without any findings, conclusions, or "analysis of the applicable provisions of the Medicaid Act." (Id.). In an one-page letter, CMS simply stated it would approve the waiver amendment. Critically for the present case, CMS has not, at any time or in any fashion, approved a waiver pursuant to §1396n(b)(4) of the Medicaid Act. Despite this Court's previous finding and the apparent admission by Defendants that the State is engaged in selective contracting requiring a waiver under that provision, (Dkt. #17, p. 6),it appears the State sought only a waiver pursuant to §1396n(c) governing home and community based services. That section does not permit selective contracting, and does not include the same safeguards, conditions and requirements that Congress has required for selective contracting waivers.

Plaintiffs have renewed their motion for a preliminary injunction precisely because CMS has not, apparently, engaged in any systematic analysis of the requirements of the law, or actually determined that the State's plan satisfies the requirements for a selective contracting waiver. Furthermore, there is no administrative avenue of review which the Plaintiffs might take to encourage CMS to review its own action, since CMS provides no such avenue for Medicaid participants. Plaintiffs' memorandum in support of renewed motion for preliminary injunction is thus incorporated herein as if fully restated.

As part of that renewed motion, Plaintiffs have also requested an evidentiary hearing. Plaintiffs are not privy to the internal review process at CMS. Although Plaintiffs and others provided extensive, written comments to CMS regarding the issues raised by the proposed amendment (see Attachments hereto), they have received nothing in return other than an acknowledgement of receipt. There has been no evidence of consideration, no discussion of the legal and factual issues raised, and no written determination on those issues. Plaintiffs have

2. Response to Motion to Vacate Preliminary Injunction

simply been left in the dark.  In order to support their case, Plaintiffs require the ability to compel production of necessary evidence and witnesses.  This can be accomplished through either an evidentiary hearing, or by providing adequate time for discovery proceedings to occur in this case.  An evidentiary hearing is likely to occur more promptly and the State has indicated its desire to achieve a prompt resolution on its motion to vacate.

The motion to vacate, like the renewed motion for preliminary injunction, should be the subject of either an evidentiary hearing or delayed until meaningful discovery can take place to determine what process CMS utilized to approve the waiver amendment, and to resolve questions about just what the State is actually doing with this service (as discussed in more detail in the Renewed Motion and Memorandum).  That evidence is necessary in order to permit the Court to determine, under principles of administrative deference and primary jurisdiction, whether CMS' approval is meaningful as to the specific legal challenges made by Plaintiffs herein.

DATED this 14th day of November, 2011.

HERZFELD & PIOTROWSKI, LLP

_____/s/_____
James M. Piotrowski
Marty Durand
Attorneys for Plaintiffs

3.  Response to Motion to Vacate Preliminary Injunction

## **CERTIFICATE OF SERVICE**

I certify that I have caused a true and correct copy of the foregoing to be served upon the

individuals identified below via CM/ECF filing:


Clay Smith
Deputy Attorney General

Dated this 14th day of November, 2011.


_____/s/_____
James M. Piotrowski

4.  Response to Motion to Vacate Preliminary Injunction