UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL KNAPP, SANDRA KNAPP, as legal guardians of Jason Knapp; JANA SCHULTZ, as legal guardian of Toby Schultz,<br><br>            Plaintiffs,<br><br>   v.<br><br>RICHARD ARMSTRONG and LESLIE CLEMENT, in their official capacities as Director and Medicaid Administrator of the Idaho Department of Health and Welfare,<br><br>            Defendants. | Case No. 1:11-cv-00307-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant's Motion (Dkt. 20) to Vacate Preliminary Injunction. Plaintiff filed a Motion for Leave to Amend the Complaint (Dkt. 23), and also a Motion for Renewed Preliminary Injunction (Dkt. 26). The Court has fully considered the parties' briefing and is familiar with the record. For reasons set forth below, the Court will grant Defendant's Motion to Vacate Injunction, deny Plaintiffs' Motion to Renew Injunction, and grant in part and deny in part Plaintiffs' Motion for Leave to Amend the Complaint.

## BACKGROUND

States participating in the federal-state Medicaid program comply with Medicaid Act requirements, and in turn, receive federal funding to provide medical assistance to low-income individuals. *See Douglas v. Indep. Liv. Ctr. of So. Cal., Inc.*, – S.Ct. – , 2012 WL 555204 (U.S.); 42 U.S.C. § 1396 et seq.; 42 C.F.R. § 430.15(b). Among its requirements, the Act mandates development of state plans that must be approved by the Secretary of Health and Human Services, through the Centers for Medicare and Medicaid Services (CMS). *Id.* States may seek waivers of some requirements, to allow Medicaid participants to reside in home and community based – rather than institutional – settings. 42 U.S.C. § 1396a(a)(23). Like state plans, waivers and amendments to waivers must be approved by CMS. The Idaho Department of Health and Welfare (IDHW) has requested and received two waivers; the waiver at issue in this matter is the Developmental Disabilities Home and Community Based Services Waiver (DD Waiver). *Compl.*, Dkt. 1, ¶ 8.

Where a Medicaid participant chooses to reside in a Certified Family Home, that Certified Family Home provider must engage with, and receive "affiliation" services from a Residential Habilitation Agency. IDAPA 16.03.10.705.01. Affiliation services, also referred to as residential habilitation services, includes provision of "oversight, training, and quality assurance to the certified home provider," IDAPA 16.03.10.705.01, and also development and execution of plans to meet the Medicaid participant's needs. *Scott Dec.*, Dkt. 2-2, ¶ 11.

On February 25, 2011, IDHW sought proposals for a single contractor to provide all affiliation services, previously provided by various Residential Habilitation Agencies, throughout Idaho. *Dunagan Dec.*, Dkt. 2-5, ¶ 7. In June 2011, the IDHW selected Community Partnerships of Idaho for that contract. Ex. 2 to *Dunagan Dec.*, Dkt. 2-7.

Plaintiffs here are the legal guardians of Jason Knapp and Toby Schultz, suing on their behalf. *Compl.*, Dkt. 1, ¶ 2. Jason and Toby are both residents of Certified Family Homes. *Id.* Plaintiffs assert that they will suffer harm if IDHW's selective contract with Community Partnerships of Idaho is allowed to take effect. According to Plaintiffs, the selective contract will violate their right to exercise freedom of choice under 42 U.S.C. 1396a(a)(23), as well as their right to maintain adequate access to, and right to quality of, services provided under the Medicaid Act. *Compl.*, Dkt. 1, ¶¶ 25-26.

Plaintiffs moved for a preliminary injunction, which the Court granted on August 4, 2011. In finding the preliminary injunction appropriate, the Court concluded that IDHW was required, but failed, to obtain CMS approval of a waiver amendment before implementing the selective contract. *Order*, Dkt. 17 at 12. However, the Court also determined that the relevant issue on the ultimate merits of Plaintiff's complaint is whether IDHW has properly obtained a waiver amendment, rather than a state plan amendment. *Id.* at 15-16. The Court preliminarily enjoined implementation of the selective contract "pending a decision by CMS on the IDHW's waiver amendment," noting that it would consider a renewed motion from Plaintiffs if "CMS renders its decision without analysis of the applicable provisions of the Medicaid Act." *Id.* at 19.

CMS approved IDHW's waiver amendment on October 17, 2011.  Ex. A to *3rd Grooms Dec.*, Dkt. 20-2 at 5.  Thus, Defendants now ask the Court to vacate the preliminary injunction.  Plaintiffs object and renew their request for preliminary injunction; concerning these motions, Plaintiffs request an evidentiary hearing.  Plaintiffs also seek leave to amend their complaint, to which Defendants object.

## DISCUSSION

**1.    Motions To Vacate And Renew Injunction of IDHW's Selective Contract**

The motions to vacate and renew the previously-granted injunction present two issues:  (1) whether a presumption of regularity attaches to CMS's approval of the IDHW waiver amendment and proposed selective contract; and (2) whether a continued or renewed injunction is now subject to the Administrative Procedure Act (APA), in light of CMS's approval of IDHW's waiver amendment.

The district court has discretion to modify or overturn terms an injunctive decree where subsequent circumstances of law or fact so warrant.  *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1123-24 (9th Cir. 2005).  The Court's decision to grant a preliminary injunction here was premised on IDHW's failure to obtain CMS approval for a waiver amendment.  CMS has now granted approval for IDHW's waiver, thus it would appear that the basis for injunction has been addressed, and lifting of the injunction is appropriate.  Plaintiffs do not agree.

According to Plaintiffs, IDHW must receive CMS approval for a waiver "pursuant to 42 U.S.C. § 1396n(b)(4)," which specifically permits waiver of the "freedom of

choice" requirement found in § 1396a(a)(23). *Pl. Br. for Renewed PI*, Dkt. 26-1 at 2. The "freedom of choice" requirement, unless waived, prohibits selective contracting through restrictions on Medicaid participants' choice of qualified, available service providers. 42 U.S.C. § 1396a(a)(23). For a waiver amendment to comply with § 1396n(b)(4), it must otherwise comply with standards in the state plan, including consistency "with access, quality, and efficient and economic provision of covered care and services." 42 U.S.C. § 1396n(b)(4).

The letter approving the State's waiver does not reference § 1396n(b)(4). Plaintiffs argue that, absent evidence in the letter that CMS considered the requirements of § 1396n(b)(4), or that it rendered any findings or analysis supporting approval of IDHW's waiver amendment, the foundation for the Court's injunction still exists. In other words, Plaintiffs contend that CMS must "show its work," and until evidence of its reasoning is shown, the Court should either deny the motion to vacate injunction, or grant a renewed injunction. The Court disagrees.

### A. A Presumption of Regularity Attaches to CMS's Approval

The United States Supreme Court has held that actions by government agencies are presumed valid. *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001). So long as the mechanism for review of the agency's action is adequate, *id.*, or "unless rebutted by evidence in the record," this "presumption of regularity" will attach. *Gifford Pinchot Task Force v. U.S. Fish and Wildlife Serv.*, 378 F.3d 1059, 1071 (9th Cir. 2004). Applied here, the Court presumes that CMS, acting on behalf of the United States' Health and

Human Services Department, conducted a proper analysis of the applicable provisions of the Medicaid Act in approving IDHW's waiver.

Plaintiffs understandably rely on the Court's suggestion, in its decision granting preliminary injunction, that the Court "may consider a renewed motion by Plaintiffs" where CMS "renders its decision without analysis of the applicable provisions of the Medicaid Act." But despite its cautionary tone, the Court's language was meaningfully open-ended. While conveying concern that CMS comply with the Medicaid Act, the Court did not dictate how CMS should exercise its delegated authority. Notably, the comment is consistent with the limits attending the presumption of regularity.

As contemplated under the presumption, the Court must consider the evidence in the record before it. CMS's approval letter provides that it "has completed its review of [IDHW's] request to amend Idaho's Home and Community Based Services (HCBS) Waiver for individuals with developmental disabilities." *Ltr.*, Ex. A to *3rd Grooms Dec.*, Dkt. 20-2 at 5. Citing the lack of further detail in CMS's letter, Plaintiffs urge the Court to find that no review, or at least an inadequate review, was conducted. However, there being no evidence in the record that CMS failed to conduct a valid review, the Court must presume that it did, pending further judicial review under the Administrative Procedures Act (APA). *See Gifford Pinchot Task Force*, 378 F.3d at 1071; *Gregory*, 534 U.S. at 10. In other words, the absence of specific findings in CMS's approval letter will not, by itself, negate the conclusion clearly stated, so as to prevent a lift of the injunction.

Plaintiffs next argue that an evidentiary hearing is necessary for the Court to hear evidence concerning the adequacy of CMS's review and approval, before the injunction can be lifted. The Court disagrees. Requiring an evidentiary hearing to review CMS's approval, in order to lift the Court's injunction, would ignore both the presumption of regularity and also the process for judicial review of agency action under the APA.

B. **The Administrative Procedure Act Applies**

Defendants correctly state that challenges to CMS's determination are governed by the APA, 5 U.S.C. §§ 701-06; *see Alaska Dept. of Health and Soc. Servs. v. Centers for Medicare and Medicaid Servs.*, 424 F.3d 931 (9th Cir. 2005). Plaintiffs do not disagree. Rather, Plaintiffs re-examine their likelihood of success on the merits (a necessary component for a preliminary injunction), conspicuously avoiding any mention of the APA.

Plaintiffs argue against application of agency deference, discussing *Chevron* and other case law regarding deference to governmental action, and asserting their right to due process. The Court reiterates that primary jurisdiction for the validity of the selective contract and waiver amendment is properly left to CMS. *Mem. Dec. & Ord.*, Dkt. 17 at 14-16, 19. CMS having approved of IDHW's waiver and selective contract, any challenge to that determination must be pursued in proceedings governed by the APA. In such proceedings, the Court would adjudicate Plaintiffs' challenge based on an agency record, to include evidence provided by CMS in support of its conclusions. *See Jennings v. Mukasey*, 511 F.3d 894, 900 (9th Cir. 2007)(generally, agency actions are reviewed on

consideration of the agency record, without discovery).[1]  At this stage in litigation, there is no basis for the Court to conduct an evidentiary hearing.

### C. There Is No Basis For Continued Or Renewed Injunction

Given the evidence before it, the circumstances on which the preliminary injunction was founded have changed.  IDHW has since requested a waiver amendment; and CMS has approved the waiver amendment, acknowledging that its purpose is to enable use of "one selective contract provider to render administrative activities to certified family home providers."  Ex. A to *3rd Grooms Dec.*, Dkt. 20-2 at 5.  These facts warrant lifting the injunction.  Defendants' Motion to Vacate will therefore be granted.  Because the presumption of regularity attaches to CMS's waiver amendment approval, there is no basis for a renewed injunction.  Rather, the validity of CMS's approval may be appropriately raised under the APA.  Thus, the Court will also deny Plaintiffs' Motion to Renew Preliminary Injunction.

### 2. Motion to Amend Complaint

Because Defendants have filed an answer, Plaintiffs may only amend their complaint with leave from the Court.  Fed. R. Civ. P. 15(a)(2).  Leave should be "freely given when justice so requires." *Id.*  The courts apply this policy "with extreme liberality."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009)(other citations omitted).  In deciding whether to permit amendment, the court evaluates the presence of

---

[1] *See also City & Cy. of San Francisco v. United States*, 130 F.3d 873, 877 (9th Cir. 1997)(district court's role in reviewing the decision of an administrative agency is to determine, as a matter of law, whether the agency's decision was supported by the evidence in the record).

the following factors: bad faith, undue delay, prejudice to the opposing party, and futility. *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010)(other citations omitted).

Plaintiffs seek to add a claim under the APA, naming Secretary of the United States' Health and Human Services Department, Kathleen Sebelius, as a defendant. The proposed amended complaint challenges Secretary Sebelius' action, through CMS, approving IDHW's waiver amendment. According to Plaintiffs, that approval of IDHW's waiver amendment is in violation of the Medicaid Act.

Defendants argue that Plaintiffs' motion to amend should be denied based on two arguments. The first argument concerns Plaintiffs' proposed APA claim. Defendants begin the argument with defense of CMS's action, then provide a laborious discussion of *Chevron* deference[2], and end with a primer on the standard of review in APA proceedings. Ultimately, Defendants conclude that procedural restrictions on Plaintiffs' proposed APA claim would cause undue complication if allowed to "intermingle" with Plaintiffs' existing § 1983 claim; thus, the APA claim should be brought in an independent action. *See Def. Resp.*, Dkt. 29 at 5-13. The argument – which seems better suited in a motion to dismiss – does not address any of the four factors the Court must consider in evaluating a motion to amend. The Court will therefore reject the argument, but allow Defendants to re-raise it in a subsequent motion to dismiss or for other relief.

Defendants' second argument is that Plaintiffs' proposed due process claim under § 1983 is futile. According to Defendants, there is no right to notice and a hearing

---

[2] The discussion appears to counterpoint Plaintiffs' arguments supporting Motion to Renew Preliminary Injunction; Plaintiffs did not raise the argument in their Motion for Leave to Amend Complaint.

regarding "systemic modifications" such as those caused by IDHW's waiver amendment. In support of this proposition, Defendants cite a Sixth Circuit Court of Appeals decision that reversed a district court injunction of a cost-saving process implemented by a state Medicaid agency. *Rosen v. Goetz*, 410 F.3d 919 (6th Cir. 2005). The cost-saving process in that case was approved by CMS; and the Sixth Circuit held that substantial deference was owed to CMS in evaluating the "fact/law dichotomy" and determining what process was due. *Id.* Defendants also cite a Western District of Washington case in which the court found that "[a] mass change[ ] to public benefits programs . . . does not give rise to hearing rights," where it involves no factual dispute beyond the impact of the change on specific individuals. *M.R. v. Dreyfus*, 767 F.Supp.2d 1149, 1166-67 (W.D. Wash. 2011).

These cases establish that Medicaid participants are not guaranteed a hearing before implementation of an across-the-board measure aimed at cost-cutting. They also reinforce the Court's above analysis of the presumption of regularity in addressing Plaintiffs' renewed motion for injunction. To the extent that Plaintiffs' due process claim seeks a preliminary injunction, the Court rests on its discussion above. Thus, the Court agrees with Defendants that, under existing case law, Plaintiffs are not entitled to relief on their proposed due process claim. That claim is futile. Therefore, Plaintiffs' motion to add the claim will be denied.

As to Plaintiffs' other proposed claims, Defendants have not persuaded the Court that the liberal amendment policy should not apply. Accordingly, Plaintiffs' motion to amend the complaint to add those claims will be granted.

# ORDER

**IT IS ORDERED THAT:**

1. Defendants' Motion to Vacate Injunction (Dkt. 20) is GRANTED.

2. Plaintiffs' Motion to Renew Preliminary Injunction (Dkt. 26) is DENIED.

3. Plaintiffs' Motion for Leave to Amend Complaint (Dkt. 23) is DENIED in part, GRANTED in part. Plaintiffs' request to add a Due Process claim under § 1983 is DENIED. As to all other proposed claims, the Motion is GRANTED.

DATED: February 26, 2012

B. Lynn Winmill
Chief Judge
United States District Court